UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **AARON TOLLIVER, JR.,** <br> **AKA ARON TOLLIVER** <br> **La. DOC #418690** | **CIVIL ACTION NO. 08-1667** <br><br> **SECTION P** |
| **VS.** | **JUDGE JAMES** |
| **VENETIA MICHAEL, WARDEN** | **MAGISTRATE JUDGE HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Aaron Tolliver, Jr., filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on November 3, 2008. Petitioner is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the David Wade Correctional Center, Homer, Louisiana and he attacks his 2001 armed robbery conviction in the Fourth Judicial District Court, Ouachita Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **TRANSFERRED** to the Fifth Circuit Court of Appeals.

*Statement of the Case*

Petitioner was convicted of armed robbery on May 24, 2001, and a sentence of 25 years was imposed by the Fourth Judicial District Court, Ouachita Parish. Petitioner's conviction and sentence were affirmed by the Second Circuit Court of Appeals. *State of Louisiana v. Aaron Tolliver*, 35,930 (La. App. 2 Cir. 5/8/2002), 818 So.2d 310.

On December 12, 2005, petitioner filed a petition for writ of *habeas corpus* in this court.

In that pleading, he also attacked the 2001 armed robbery conviction in the Fourth Judicial District Court. On May 24, 2006, his *habeas* petition was dismissed with prejudice as time-barred under the provisions of 28 U.S.C. §2244(d). [See *Aron Tolliver v. Venetia Michael, Warden*, Civil Action No. 3:05-cv-2128 at rec. docs. 1 and 6 (petition and amended petition), 8 (Report and Recommendation), and 9 (Judgment).

Notwithstanding petitioner's assertion to the contrary [rec. doc. 3, ¶9(a)], it is clear that the instant petition attacks the same conviction that petitioner attacked in his previous petition for writ of *habeas corpus*, and therefore, his current petition must be considered second or successive.

Before a successive petition is filed in district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3).

The fact that petitioner's earlier petition was dismissed with prejudice on limitations grounds does not remove this subsequent petition from the second-successive requirements of § 2244(b). See *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999). Petitioner has not sought and received authorization to file a second or successive petition from the Fifth Circuit Court of Appeals; therefore, this court lacks jurisdiction to consider his petition. See *Burton v. Stewart*, 549 U.S. 147, 157, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir.1999).

Petitioner must comply with the statute and obtain an order authorizing this Court to consider his claims from the Fifth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3); *In re McGinn*, 213 F.3d 884, 885 (5th Cir.2000). In *In re Epps,* 127 F.3d 364 (5th Cir.1997), the Fifth

Circuit adopted a procedure which might be employed when a successive petition is filed in the district court. *Epps* suggests that the transfer of successive *habeas corpus* petitions to the Fifth Circuit for consideration under § 2244 is appropriate.

Accordingly, for the above reasons,

**IT IS RECOMMENDED** that petitioner Aaron Tolliver's second and successive Application for Writ of *Habeas Corpus* be transferred to the United States Fifth Circuit Court of Appeals in accordance with 28 U .S.C. § 2244(b)(3) for further proceedings by that Court.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe, Louisiana,

January 22, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE